UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DAVID BARNETTE,                                             :    **MEMORANDUM DECISION**
                                                            :    **AND ORDER**
                              Plaintiff,                    :
                                                            :    21-CV-2143 (BMC)
              - against -                                   :
                                                            :
ARCIMOTO INC., *et al.*,                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
                                                            :
ROGER GIBSON,                                               :
                                                            :    21-CV-2870 (BMC)
                              Plaintiff,                    :
                                                            :
              - against -                                   :
                                                            :
ARCIMOTO INC., *et al.*,                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X

**COGAN**, District Judge.

In these putative class actions for violation of federal securities laws, movant Tarun Kapoor has submitted an unopposed motion to consolidate the two actions, for appointment of himself as lead plaintiff, and for approval of his choice of counsel. Two other competing motions for appointment as lead plaintiff and approval of counsel were filed but both movants, recognizing that they did not have the largest financial interest at stake, subsequently filed a notice of non-opposition to Kapoor's lead plaintiff motion.[1]

---

[1] Both movants continue to support consolidation.

## I. Consolidation

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they involve a common question of law or fact. "It is in the district court's discretion to determine whether consolidation is appropriate." Tames v. Desarrolladora Homex, S.A.B. de C.V., No. 17-CV-1416, 2018 WL 11247026, at *2 (E.D.N.Y. Feb. 5, 2018). Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced. Ferrari v. Impath, Inc., No. 03 CIV. 5667, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004). Consolidation is warranted here because there are significant common questions of law and fact; the nearly identical complaints challenge the same public statements and reports. Further, there is no indication that any prejudice would result from consolidation.

Accordingly, these cases will be consolidated for all purposes pursuant to Rule 42(a). The docket in Case No. 21-cv-2143 shall constitute the Master Docket for this action and shall be titled In re Arcimoto Inc. Securities Litigation.

## II. Lead Plaintiff

Under the Private Securities Litigation Reform Act, there is a rebuttable presumption that the most adequate plaintiff is the person who has either filed the complaint or made a motion in response to a notice; has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Kapoor is willing to serve as lead plaintiff and promptly moved to be appointed lead plaintiff within 60 days of the published notice.

Kapoor alleges a total loss of nearly $500,000 – an order of magnitude higher than the alleged loss of the other two movants – and there is no indication that any other potential

plaintiff has suffered a greater loss. I thus conclude that Kapoor has the largest financial interest in this action. See Kaplan v. Gelfond, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (the approximate loss suffered by the movant is the most important factor in determining the largest financial interest).

Kapoor also meets the requirements of Rule 23. "[I]n deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 436 (S.D.N.Y. 2008). Kapoor has a large financial interest in the litigation, there are no apparent conflicts of interest, and his claims are typical of the claims of the class as a whole, based on his ownership of stock and the allegations contained in the complaint.

Kapoor is the presumptive most adequate lead plaintiff. His motion is unopposed and thus there has been no attempt to rebut that presumption. Accordingly, Kapoor is hereby appointed lead plaintiff in this action.

## III. Approval of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the Court's approval. Lead plaintiff Kapoor has selected The Rosen Law Firm, P.A., to represent him and seeks the Court's approval of that selection. In support of that request, the Rosen Law Firm has submitted a resume of the firm setting forth its attorneys' experiences and referencing dozens of securities class actions or other actions in which the firm has served as counsel or, in many cases, lead or co-lead counsel. The Rosen Law Firm is well-qualified to serve as lead counsel in this action and, accordingly, Kapoor's selection of the firm as his counsel is hereby approved.

## IV. Conclusion

The motions to consolidate the <u>Barnette</u> and <u>Gibson</u> actions are granted. Movant Kapoor's motions for appointment as lead plaintiff and approval of selection of counsel are granted. All other motions are deemed withdrawn in light of the other movants' notices of non-opposition. Per the Court's Order dated June 26, 2021, the parties are to propose a schedule for filing a consolidated amended complaint within seven days of the issuance of this Order.

**SO ORDERED.**

                               Digitally signed by Brian M. Cogan
                                                           U.S.D.J.

Dated: Brooklyn, New York
        July 14, 2021